**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LLOYD KURTZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VALCOM, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 2:04-cv-01474-RLH-LRL <br><br> Rule 41(b) Dismissal |

**REPORT & RECOMMENDATION**

The complaint in this case was filed in October, 2004. It sets forth a single federal cause of action for failure to register securities, on which were piggybacked a host of state claims ranging from breach of contract and quiet title to extortion, abuse of process, and slander, which prompted the filing of answers and counterclaims. In December, 2005, plaintiff's counsel was allowed to withdraw because plaintiff's attorney's fee obligation was significantly in arrears. Discovery closed unceremoniously in January, 2006. In March, 2006, at plaintiff and defendants' request, the court extended the deadline to file the joint pretrial order to May 19, 2006. On May 25, 2006, a proposed joint pretrial order was submitted by counsel for defendants Valcom, Inc. and Vincent Vellardita. It was signed by plaintiff in proper person, but not by counsel for defendant Studio Properties because he had filed a motion to withdraw, and it was pending. Because the joint pretrial order was not signed by all the parties, the court did not act upon it.

Two weeks later -- on June 7, 2006 -- the court granted Studio Properties' counsel's motion to withdraw on the ground that counsel had had no contact with his client for over a year and had no authority to act further in the case. Studio Properties was given until July 17, 2006 to retain new

counsel. To this day Studio Properties has neither retained counsel nor otherwise responded to the court's order.

In November, 2006, counsel for defendants Valcom and Mr. Vellardita moved to withdraw because he too had not been paid. That motion was granted on December 4, 2006. Defendants were ordered to retain new counsel by January 12, 2007, and to submit by January 16, 2007, a memorandum concerning the status of counsel. On January 12, 2007, Mr. Vellardita filed a motion for extension of time to seek counsel for the corporate defendant, Valcom, which the court granted. He was given until February 23, 2007 to find a new attorney. Neither Mr. Vellardita nor any other party responded to the order. Accordingly, on July 6, 2007, the court scheduled a status conference for July 26, 2007, and ordered Mr. Vellardita to attend. Notice of the hearing was sent to plaintiff.

On July 26, 2007, Mr. Vellardita attended the hearing with H. Stan Johnson, newly retained counsel for Valcom, Inc. Neither plaintiff nor a representative of Studio Properties attended. The court expressed concern that this case had been virtually inert for a year and a half, and in view of plaintiff's failure to attend the hearing, was seriously considering recommending that plaintiff's complaint be dismissed for failure to prosecute. The court inquired into Valcom and Mr. Vellardita's interest in pursuing their counterclaim. Mr. Johnson advised the court that Valcom was in Chapter 11 proceedings in the bankruptcy court in the Central District of California. Mr. Vellardita advised the court that he believed that plaintiff had no appreciable assets, and that he (Mr. Vellardita) had recently been through a debilitating illness, and frankly had no appetite to continue with the litigation. Mr. Johnson said he would inquire of Valcom's bankruptcy counsel as to whether there would be an objection to Valcom dismissing its counterclaim against plaintiff. On August 9, 2007, Mr. Johnson filed a status report (#87), to which he attached a letter from Joseph Pittera, Valcom's bankruptcy counsel, who reported that Valcom, Inc. agreed to dismiss its counterclaim against plaintiff in this case.

Accordingly, inasmuch as plaintiff has taken no steps for over a year to pursue his claims and did not respond to the court's order scheduling the July 26, 2007 status conference, and inasmuch as defendant Studio Properties has been without counsel for well over a year and has not responded to the

court's order to retain counsel, and inasmuch as defendants Valcom and Vellardita do not wish to proceed on their counterclaim, the undersigned U.S. Magistrate Judge respectfully recommends that plaintiff's claims and all counterclaims asserted in this action be dismissed forthwith pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute.

DATED this 29th day of August, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**